1  Andrea Darrow Smith, Esq. (SBN: 265237)
   andrea@westcoastlitigation.com
2  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
3  **Hyde & Swigart**
4  4129 Main Street, Suite B8
   Riverside, CA 92501
5  (951) 784-7770
6  (619) 297-1022
7
   Attorneys for Amy Underwood
8

9

10          **UNITED STATES DISTRICT COURT**
11          **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| Amy Underwood | Case No: __'11CV1131 BTM WMC__ |
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Patenaude & Felix, APC; Main Street Acquisitions, Corp. | |
| Defendants. | |

20                    **INTRODUCTION**

21  1.   The United States Congress has found abundant evidence of the use of
22       abusive, deceptive, and unfair debt collection practices by many debt
23       collectors, and has determined that abusive debt collection practices
24       contribute to the number of personal bankruptcies, to marital instability, to the
25       loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair
26       Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter
27       "FDCPA"), to eliminate abusive debt collection practices by debt collectors,
28       to insure that those debt collectors who refrain from using abusive debt

**HYDE & SWIGART**
Riverside, California

1   collection practices are not competitively disadvantaged, and to promote

2   consistent State action to protect consumers against debt collection abuses.

3   2.   The California legislature has determined that the banking and credit system

4   and grantors of credit to consumers are dependent upon the collection of just

5   and owing debts and that unfair or deceptive collection practices undermine

6   the public confidence that is essential to the continued functioning of the

7   banking and credit system and sound extensions of credit to consumers. The

8   Legislature has further determined that there is a need to ensure that debt

9   collectors exercise this responsibility with fairness, honesty and due regard

10   for the debtor's rights and that debt collectors must be prohibited from

11   engaging in unfair or deceptive acts or practices.

12   3.   Amy Underwood, ("Plaintiff"), through Plaintiff's attorneys, brings this action

13   to challenge the actions of Patenaude & Felix, APC ("Defendant P&F"); Main

14   Street Acquisitions, Corp. ("Defendant Main Street"), (collectively

15   "Defendants"), with regard to attempts by Defendants to unlawfully and

16   abusively collect a debt allegedly owed by Plaintiff, and this conduct caused

17   Plaintiff damages.

18   4.   Plaintiff makes these allegations on information and belief, with the exception

19   of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

20   Plaintiff alleges on personal knowledge.

21   5.   While many violations are described below with specificity, this Complaint

22   alleges violations of the statutes cited in their entirety.

23   6.   Unless otherwise stated, all the conduct engaged in by Defendants took place

24   in California.

25   7.   Any violations by Defendants were knowing, willful, and intentional, and

26   Defendants did not maintain procedures reasonably adapted to avoid any such

27   violation.

28

**HYDE & SWIGART**
Riverside, California

8.  Any and all violations alleged against Defendant P&F are imputed to Defendant Main Street under the theory of vicarious liability, because the actions undertaken by Defendant P&F were an attempt to collect the alleged debt by an attorney's office on behalf of Defendant Main Street.

9.  All violations alleged under the FDCPA are alleged as to both Defendants.

10. All violations alleged under the Rosenthal Act are alleged as to Defendant Main Street only.

### JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

13. Because Defendants do business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

15. Defendants conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

### PARTIES

16. Plaintiff is a natural person who resides in the State of California.

17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly,

**HYDE & SWIGART**
Riverside, California

HYDE & SWIGART
Riverside, California

1    debts owed or due or asserted to be owed or due another and are therefore

2    debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

3    19.   Plaintiff is a natural person from whom a debt collector sought to collect a

4          consumer debt which was due and owing or alleged to be due and owing from

5          Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

6          1788.2(h).

7    20.   Defendants, in the ordinary course of business, regularly, on behalf of

8          themselves, or others, engage in debt collection as that term is defined by

9          California Civil Code § 1788.2(b), are therefore debt collectors as that term is

10         defined by California Civil Code § 1788.2(c).

11   21.   This case involves money, property or their equivalent, due or owing or

12         alleged to be due or owing from a natural person by reason of a consumer

13         credit transaction.   As such, this action arises out of a consumer debt and

14         "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

15                                   **FACTUAL ALLEGATIONS**

16   22.   Sometime before March 13, 2011, Plaintiff is alleged to have incurred certain

17         financial obligations.

18   23.   These financial obligations were primarily for personal, family or household

19         purposes and are therefore a "debt" as that term is defined by 15 U.S.C.

20         §1692a(5).

21   24.   These alleged obligations were money, property, or their equivalent, which is

22         due or owing, or alleged to be due or owing, from a natural person to another

23         person and are therefore a "debt" as that term is defined by California Civil

24         Code §1788.2(d), and a "consumer debt" as that term is defined by California

25         Civil Code §1788.2(f).

26   25.   Sometime thereafter, but before March 13, 2011, Plaintiff allegedly fell

27         behind in the payments allegedly owed on the alleged debt.  Plaintiff currently

28         takes no position as to the validity of this alleged debt.

**HYDE & SWIGART**
Riverside, California

26. Subsequently, but before March 13, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

27. On or about March 13, 2011, Defendant P&F, on behalf of Defendant Main Street, telephoned Plaintiff and demanded payment of the alleged debt.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. Defendant P&F's representative told Plaintiff that Defendants had filed a case against her in the Laguna Hills Superior Court and that the paperwork had also been mailed to her on March 11, 2011.

31. During this telephone call Defendant P&F's representative threatened Plaintiff that unless she agreed to pay the alleged debt immediately, she would be responsible to pay Defendant Main Street's attorney fees and court costs associated with the Laguna Hills case.

32. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e (10).

33. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

**HYDE & SWIGART**
Riverside, California

35.  Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

36.  Through this conduct, Defendant falsely represented that a legal proceeding had been, or was about to be, or would be instituted unless payment of a consumer debt is made.  Consequently, Defendant violated Cal. Civ. Code § 1788.13(j).

37.  Plaintiff never received any paperwork from the Laguna Hills Superior Court.

38.  Furthermore, Plaintiff's counsel conducted a court records search which revealed that no collections case had been filed by Defendants against Plaintiff in the Laguna Hills Superior Court on March 11, 2011, or any other date.

39.  Defendants failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendants and that Defendants would provide Plaintiff with the name and address of the original creditor. This omission by Defendants violated 15 U.S.C. § 1692g.

40.  Because this omission violated the language in 15 U.S.C. § 1692g, Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

41. Defendants, third party debt collectors, failed, in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendants, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a).   Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendants violated the Rosenthal Act.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

///

///

HYDE & SWIGART
Riverside, California

46.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

47.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

48.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: May 24, 2011                     By: /s/ Andrea Darrow Smith
                                       Attorneys for Plaintiff
                                       E-mail: andrea@westcoastlitigation.com

**HYDE & SWIGART**
Riverside, California

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Amy Underwood

## DEFENDANTS

Patenaude & Felix, APC; Main Street Acquisitions, Corp.

**(b)** County of Residence of First Listed Plaintiff    Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart        (951) 784-7770
4129 Main Street, Suite B8 Riverside, CA 92501

Attorneys (If Known)

**'11CV1131 BTM WMC**

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations **Habeas Corpus:** ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
15 U.S.C. § 1692 et seq. (FDCPA)
Brief description of cause:
Unfair Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $  75,001.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
05/24/2011

SIGNATURE OF ATTORNEY OF RECORD
*Andrea O. Smith*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____